IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17-CV-121-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT NEAL HATFIELD, | ) |
| | ) |
| Defendant. | ) |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c).

The United States asserts, in support of this request, that protection of the identified categories of confidential information is necessary because this case involves allegations of sexual harassment against multiple female victims who fear adverse consequences to their housing and safety stemming from their involvement in this litigation. Disclosure of documents in this case will involve the exchange of sensitive personal information with respect to credit applicants, actual and prospective tenants, and purchasers of Robert Hatfield's properties,

1

including information of a private nature that is covered by the scope of the Privacy Act of 1974, 5 U.S.C. § 552a. In addition, discovery in this case may involve financial information of the parties and proprietary, private, and confidential information concerning non-parties. Accordingly, the parties stipulate and agree to, and the Court finds good cause for, entry of this Confidentiality Agreement and Protective Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c).

The Court hereby enters the following Confidentiality Agreement and Protective Order:

1. **Contact Between the Defendant and Victims or Witnesses.** Defendant or anyone operating on behalf of or at the direction of him (excluding counsel of record, their employees, or anyone hired by Defendant's counsel for the purpose of representing Defendant in this action) shall not contact or attempt to contact any persons identified by the United States in its initial disclosures or other discovery responses as witnesses to, or victims of, the Defendant's alleged discriminatory housing practices. In addition, the Defendant shall not speak to current tenants or debtors about the allegations in the complaint without counsel present. If Defendant proceeds *pro se* at any time during this action, he shall interact with alleged victims identified in this lawsuit by the United States only in the course of discovery in accordance with the methods and procedures permitted under the Federal Rules of Civil Procedure. If the Defendant proceeds *pro se* at any time during this action, he shall speak to current tenants or debtors about the allegations in the complaint only in the course of discovery in accordance with the methods and procedures permitted under the Federal Rules of Civil Procedure. However, should the Defendant proceed *pro se*, he may, consistent with paragraph 7, discuss this case with witnesses.

2. **Scope.** All documents and materials produced in the course of discovery in this

case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

3. **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the parties and/or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: names, social security numbers, taxpayer identification numbers, and birth dates; financial information such as financial account numbers, income tax returns, or other personal financial records; personnel records; criminal records and histories, if any; information related to any medical or psychological condition or treatment or effort to seek treatment, including names or types of healthcare providers and dates of visits to providers; and current or past home addresses and telephone numbers and any other personally identifying information regarding any person identified as a witness or potential witness.  Confidential Information shall further include the identities of such persons' minor children.  Information or documents that are available to the public may not be designated as Confidential Information.  The parties may move the Court for the inclusion of additional categories of information as Confidential Information.

4. **Form and Timing of Designation.**  The producing party may designate

documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. For computer data, the medium of which makes such marking impracticable, the producing party shall mark the diskette case and/or accompanying cover letter. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

5. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

6. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt

of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**7.     Protection of Confidential Material.**

**(a)     General Protections.** Designated Confidential Information and the identities of such individuals' children shall not be used or disclosed other than when necessary to prosecute or defend this lawsuit, including any appeals.

**(b)     Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons:

    i.     defendant, except information related to any medical or psychological condition or treatment, including names or types of healthcare providers and dates of visits to providers as limited by subparagraph (c);

    ii.     counsel to the parties, and partners, supervisors, associates, secretaries, paralegal assistants, and employees of such counsel only to the extent reasonably necessary to render professional services in this action;

    iii.     the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

    iv.     any special master or mediator appointed by the Court or jointly selected by the parties;

    v.     persons retained by the parties or their counsel to assist in their

     investigations or discovery, to prepare for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

  vi.  witnesses and potential witnesses (and their counsel) who may testify as witnesses at any deposition or hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action;

  vii.  court reporters and videographers retained to take depositions, under the terms and limitations specified in this Order;

  viii.  independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

  ix.  if applicable, employees of Defendant's insurance company only to the extent necessary for representation of Defendant in this action.

  x.  counsel for Plaintiffs as identified in paragraph 20

**(c)** **Disclosure of Medical/Psychological Information.** The parties acknowledge that information related to certain aggrieved individuals' medical or psychological condition or treatment, including names or types of healthcare providers and dates of visits to providers, may be exchanged during discovery in this case. The parties further acknowledge the need to protect such sensitive and private information from inadvertent or unnecessary disclosure. As such, medical/psychological information shall be disclosed solely to attorneys

for the parties in the case and shall not be disclosed to Defendant unless he proceeds *pro se*. Defendant may attend portions of depositions where medical/psychological information is discussed only after he makes a statement on the record that he will abide by this Order and not disclose the medical/psychological information to any person other than those designated in subparagraph (b) and only to the extent necessary to defend the claims against him. Defendant is bound by the terms of this agreement with respect to any medical/psychological information he obtains through any other means during the course of this litigation, such as review of pleadings filed in this case or communications between the parties in this case. Nothing in this section shall limit or otherwise affect any of the parties' ability to use this information during depositions or in the litigation of this matter.

**(d)** **Control of Documents.** The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents. Any persons described in paragraph 7(b)(i), (v), (vi), (ix), or (x) to whom Confidential Information is disclosed must complete the certification contained in Attachment A, Acknowledgment and Agreement to be Bound, the originals of which shall be retained by counsel for the disclosing party until such time as this litigation, including any appeals, is concluded. If the parties wish to disclose Confidential Information to any persons other than those indicated in paragraph 7(b), above, the disclosing party shall obtain written consent from all other parties in advance of such disclosure. If consent to the proposed disclosure is not given, then the disclosing party may, on motion after conferring with opposing counsel, seek

modification of this Order from the Court.

8. **Filing of Confidential Information.**  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with Local Civil Rule 6.1.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  *Pro hac vice* attorneys must obtain sealed documents from local counsel.

9. **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith with the designating party to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the

party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

10. **Discovery.** The parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure.

11. **Use of Confidential Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

12. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    (b) **Destruction of Confidential Information.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, each party shall, upon request of the opposing party, certify that it has destroyed all documents designated as containing Confidential Information, including copies as defined above, in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding the above, e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports

need not be destroyed, provided such information is separately sequestered or otherwise protected from inadvertent disclosure.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**13.** **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter. If the Order modification is made by motion, then the non-moving party shall receive notice and an opportunity to be heard on the proposed modification.

**14.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**15.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law offices, the parties, and persons made subject to this Order by its terms.

**16.** **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**17.** **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

**18.** **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party. Third parties will be notified of this Protective Order to Confidential Information when any party to this lawsuit requests documents from them.

**19.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual party in the case of a *pro se* litigant, and must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a

copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the Court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.
The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**20.** No provision of this order is intended to limit the Defendant's ability to defend this action or another action pending in this Court captioned *Miranda Russell and Ruth Heckman v. Robert Hatfield*, 5:17-CV-16-MOC-DSC. Further, the disclosure of information received by the Defendant from the United States or otherwise and identified as Confidential in this lawsuit shall not be deemed a violation of this Order if the information is disclosed in discovery, in a hearing, or at trial in *Miranda Russell and Ruth Heckman v. Robert Hatfield*, 5:17-CV-16-MOC-DSC, provided that such disclosure is consistent with the terms of this Order, specifically paragraphs 6-7 and 10.

**IT IS SO ORDERED**.

Signed: February 7, 2018

_[signature]_
David C. Keesler
United States Magistrate Judge

WE SO MOVE and agree to abide by the terms of this Order.

For the Plaintiff UNITED STATES:

| | |
|---|---|
| R. ANDREW MURRAY<br>United States Attorney<br>Western District of North Carolina | JOHN M. GORE<br>Acting Assistant Attorney General |
| | _s/ Colin Stroud_ |
| KATHERINE T. ARMSTRONG<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of North Carolina<br>227 West Trade Street<br>Suite 1650<br>Charlotte, NC 28202<br>Phone: (704) 338-3104<br>Fax:   (704) 344-6629<br>Email: Katherine.Armstrong@usdoj.gov | SAMEENA SHINA MAJEED<br>Chief<br>MICHAEL S. MAURER<br>Deputy Chief<br>BETH FRANK<br>COLIN STROUD<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Northwest Building, 7th Floor<br>Washington, DC 20530<br>Phone: (202) 514-4737<br>Fax:   (202) 514-1116<br>E-mail: Colin.Stroud@usdoj.gov |
| For the Defendant ROBERT NEAL HATFIELD:<br><br>_s/Ryan D. Bolick_<br>Ryan D. Bolick<br>Virginia M. Wooten<br>CRANFILL SUMNER & HARTZOG LLP<br>P.O. Box 30787<br>Charlotte, NC 28230<br>rbolick@cshlaw.com<br>vwooten@cshlaw.com | |

13

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that s/he has read the Protective Order dated _____ in the case captioned *United States v. Hatfield*, Case No. 5:17-cv-121-MOC-DCK (W.D.N.C.), and understands the terms thereof and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
Signature